# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

U.S. DISTRICT COURT

2010 FEB -9  A 10: 23

| | |
|---|---|
| BRUNO CASATELLI, D.P.M., and<br>NORTH JERSEY CENTER FOR SURGERY,<br>P.A.,<br><br>       Plaintiffs,<br><br>  -against-<br><br>HORIZON BLUE CROSS BLUE SHIELD<br>OF NEW JERSEY, JOHN and JANE DOES<br>I-X, and ABC CORPORATIONS I-X,<br><br>       Defendants. | Docket No.<br>2:09-cv-06101 SDW ES |

---

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

---

Jeffrey B. Randolph, Esq.
On-the-Brief

1

## TABLE OF CONTENTS

I. STATEMENT OF FACTS & PROCEDURAL HISTORY ........................... 2

II. LEGAL ARGUMENT ................................................................. 5

A. APPLICABLE LEGAL STANDARD........................................ 5

B. DEFENDANT'S MOTION TO DISMISS MUST BE DENIED
BECAUSE: 1) JUDGE GANNONS' PRIOR ORDER UPON
WHICH DEFENDANT EXCLUSIVELY RELIES GRANTED
DISMISSAL *WITHOUT PREJUDICE* TO THE PLAINTIFFS'
REFILING OF ITS CLAIMS UNDER THE PROVISIONS OF
ERISA §502(A); 2) DEFENDANT IS MANDATED BY FEDERAL
LAW TO WAIVE ITS EXHAUSTION OF ADMINISTRATIVE
APPEALS DEFENSE; and 3) THERE REMAIN MATERIAL
ISSUES OF FACT AS TO WHETHER PLAINTIFFS
DID EXHAUST ITS ADMINISTRATIVE REMEDIES OR
WHETHER IT WAS FUTILE TO DO SO  WHICH PRECLUDES
SUMMARY JUDGMENT. ................................................... 6

   1.  Defendants' Motion Must Be Denied As the Prior
   Court Order Dismissed Plaintiffs' Claims Without
   Prejudice and Expressly Granted Plaintiffs the Right
   to Re-File Its Claims under ERISA as It Has Done in
   the Present Matter. ....................................................... 6

   2.  Defendants' Motion to Dismiss Must Be Denied
   Horizon Is Mandated By Federal Law to Waive
   Its Exhaustion of Administrative Appeal Defense. ................. 7

      a.  The Horizon Plans At Issue Contain
      Voluntary Appeal Procedures. ................................. 9

      b. Even if the Plan Appeal Procedures are Deemed
      Mandatory, North Jersey Exhausted At Least Two
      Levels of Internal Review. ...................................... 11

   3.  Material Issues of Fact Remain As to Whether Further
   Appeals by North Jersey Were Futile. .................................. 12

III. CONCLUSION ................................................................. 15

## **TABLE OF AUTHORITIES**

## **CASE LAW**

*UNITED STATES SUPREME COURT*
Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ....................................   5

*FEDERAL COURTS*
Brown v. Cont'l Baking Co., 891 F.Supp. 238, 241 (E.D.Pa. 1995) ...........   12

Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990). ............   5

Coburn v. Nordeen, 72 Fed.Appx. 744, 746 (10th Cir. 2003) ...................   5

Harrow v. Prudential Insurance Co. of America, 279 F.3d 244
(3d Cir. 2002) ...............................................................   12

Trustmark Life Ins. Co. v. Univ of Chicago Hospt., 207 F.3d 876
(7th Cir. 2000) ...............................................................

Wayne Surgical Center, LLC. v. Concentra Preferred Sys., Inc.,
No. 06-928, 2007 WL 2416428, at *4
(D.N.J. Aug. 20, 2007)(Ackerman, J) ................................................   3

Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990) ........................   12

Thornton v Potamkin Chevrolet, 94 N.J. 1 4-5 (1983).............................

*NEW JERSEY APPELLATE DIVISION*

Ollendorf v Liberty Mutual, 2009 WL 3486561(NJ Super A.D.) ..............

*NEW JERSEY CASE LAW*
Garcia v. Health Net, BER-C-37-06 (11/20/07)(unpublished) ...................

Horizon BCBS of NJ v. North Jersey Center for Surgery, et. als.,
MRS-L-914-09 (2009)...............................................................   4

North Jersey Center for Surgery, PA v. Horizon BCBC of NJ,
SSX-L-560-07 (2007) ...............................................................   2

Ollendorf v Liberty Mutual, 2009 WL 3486561(NJ Super A.D.) ................   7

Thornton v Potamkin Chevrolet, 94 N.J. 1 4-5 (1983)...........................   7

**STATUTES**

ERISA §502, 29 U.S.C. §1132(a)...................................................   3,4
6,

29 U.S.C. § 1133 (2008) ...........................................................   8,13

N.J.S.A. §17B:30-13................................................................   2

**REGULATIONS**

29 C.F.R. §2560.503-1(c.)(2)&(3) (2001) .........................................   8,9
13,14

**OTHER AUTHORITY**

Federal Rule of Civil Procedure 12(b)(6) .........................................   5

## I. STATEMENT OF FACTS & PROCEDURAL HISTORY:

North Jersey Center for Surgery, P.A, ("North Jersey") is a duly incorporated New Jersey professional service corporation which owns and operates a one room, Medicare-certified Ambulatory Surgical Center in Newton, New Jersey. As a single room ambulatory surgical center in New Jersey which is considered an extension of a physician's office and not a separate facility, North Jersey is not required to have an ambulatory care facility license issued by the New Jersey Department of Health and Senior Services. Rather, it is only required to obtain Medicare certification to perform the various surgical procedures that it performs on premises. North Jersey has been Medicare certified since 1993.

North Jersey, through its physician shareholders, has treated and continues to treat patients insured by plaintiff Horizon Blue Cross Blue Shield of New Jersey ("Horizon") and was forced to initiate civil litigation against Horizon in 2007 for millions of dollars in unpaid and underpaid health care service claims in Sussex County Superior Court in North Jersey Ctr. for Surgery, PA v. Horizon BCBS of NJ, SSX-L-560-07. In the Sussex litigation complaint, North Jersey alleged the following causes of action against Horizon: Count One – Breach of Contract; Count Two: Breach of the Implied Warranty of Good Faith & Fair Dealing; Count Three – Tortious Interference with Prospective Economic Advantage; Count Four – Interference with Contract; Count Five – Interest pursuant to N.J.S.A. §17B:26-9.1; and Count Six – Unfair Claim Settlement in violation of N.J.S.A. §17B:30-13.1.

The Sussex County litigation was removed by Horizon to federal court based upon Horizon's allegations that ERISA governed the claims at issue and completely pre-empted North Jersey's state law claims. (See, Certification of Jeffrey Randolph, Esq, Exhibit A: Motion Brief Removal Motion).

2

In its removal brief, Horizon took the express position that ERISA governs plaintiff's unpaid claims: "The complaint filed by Plaintiff seeks to recover benefits due pursuant to employee benefits plans governed by ERISA and is a claim for benefits within the meaning of Section 502(a.) of ERISA, 29 U.S.C. §1132(a)." Id. at p. 3, ¶7. Following removal of the matter to Federal District Court, North Jersey in October of 2007 filed a motion to remand the matter to state court on the basis that the complaint did not contain a federal question on its face.

Senior District Court Judge Ackerman adopted Magistrate Judge Salas' report and recommendation and remanded the matter back to state court on September 17, 2008. (See, Certification of Jeffrey Randolph, Esq, Exhibit B: Remand Decision). Judge Ackerman found that the Sussex County complaint did not present a federal question on its face, id.at 4, and that, therefore, Horizon failed to meet its burden of seeking removal. Id. at 6. Judge Ackerman further held that, "[i]n line with other circuit courts that have addressed the issue, courts in this District have also found that an assignee of a plan participant would have derivative standing to sue under [ERISA] §502(a). Id. (citing Wayne Surgical Center, LLC. v. Concentra Preferred Sys., Inc., No. 06-928, 2007 WL 2416428, at *4 (D.N.J. Aug. 20, 2007)(Ackerman, J)).

Horizon thereafter filed a motion for summary judgment to dismiss North Jersey's complaint in the Sussex County litigation based upon allegations of federal ERISA statute preemption as well as various other grounds on or about September 30, 2008. (See, Certification of Jeffrey Randolph, Esq. Exhibit C: Horizon's Brief in Support of Sussex County Summary Judgment Motion, p.7). Horizon again took the express position that ERISA governed the unpaid claims of North Jersey that formed the basis of the Sussex County complaint. See, id. at p.2 ("Sections 502(a) and 514(a) of

3

ERISA completely and expressly preempt Plaintiff's state law claims because they seek to obtain benefits due under ERISA. . . "), id.at p. 12 ("Section 502(a) of ERISA completely preempts Plaintiffs' state law claims against Horizon because they improperly seek to duplicate and supplement the exclusive remedies available under ERISA").

Judge Edward Gannon of the Sussex County Law Division thereafter granted Horizon's motion for summary judgment "without prejudice" and provided a statement of reasons for his decision. See, Certification of Jeffrey Randolph, Esq., Exhibit D. In his statement of reasons, Judge Gannon held that, "[i]n this case, a question of fact exists as to whether Horizon waived its right to enforce the anti-assignment clause of its contracts and whether the right to sue has been properly assigned to NJCS," Id. at 4-5, thereby rejecting the motion for summary judgment on the grounds of Horizon's anti-assignment clauses. However, the Judge went on to grant the motion based upon ERISA preemption grounds, issuing the express holding that, "Dismissal shall be *without prejudice and Plaintiff may re-file pursuant to the terms of ERISA if they so choose.*" Id. at p. 7 (emphasis added). For purposes of completeness, the Judge further dismissed the claims on the basis that North Jersey failed to provide a factual basis that they exhausted any administrative remedies as required by ERISA before the Court at that time. Id.

While the Sussex County litigation was pending, Horizon filed an affirmative action against North Jersey in Morris County in Horizon BCBS of NJ v. North Jersey Center for Surgery, et. als., MRS-L-914-09 alleging various counts and seeking restitution of over $9 million. North Jersey asserted counter-claims against Horizon via an Answer and Counter-Claims seeking compensatory damages / offset based upon ERISA §502. Horizon thereafter filed a motion to dismiss the ERISA

4

counter-claims based upon primary federal jurisdictional grounds which was granted by Judge Dumont in the Morris County action, who stated in his decision that the appropriate forum for the ERISA claims was U.S. District Court.  (See, Certification of Jeffrey Randolph, Esq., Exhibit E: Judge Dumont Order in Morris County Action).  Based upon this ruling, North Jersey filed the present action under ERISA §502 in the U.S. District Court for the District of New Jersey.

Defendant has filed the present motion to dismiss Plaintiff's complaint alleging now that ERISA does not apply and that the prior dismissals without prejudice by Judges Gannon and Dumont bar the Defendants' counter-claims.

## II. LEGAL ARGUMENT

### A. APPLICABLE LEGAL STANDARD.

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted without leave to amend if it appears that the plaintiff cannot plead a set of facts in support of its claim that would entitle it to relief.  See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While in the context of ruling on motion to dismiss, facts well-pleaded must be taken as true, the Court is not bound to accept as true statements that are merely conclusory. Coburn v. Nordeen, 72 Fed.Appx. 744, 746 (10th Cir. 2003). Similarly, "unwarranted inferences drawn from the facts or footless conclusions of law predicated upon them" may likewise be disregarded. Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990).

In the present matter, there are no valid grounds at this stage of the litigation to dismiss the Plaintiff's Complaint as this Court has primary jurisdiction over its ERISA claims, the prior Orders of the lower state courts expressly permit this action, and material issues of fact remain regarding issues of exhaustion of appeals and the futility of pursuing the appeal process.

B. DEFENDANT'S MOTION TO DISMISS MUST BE DENIED BECAUSE: 1) JUDGE GANNONS' PRIOR ORDER UPON WHICH DEFENDANT EXCLUSIVELY RELIES GRANTED DISMISSAL *WITHOUT PREJUDICE* TO THE PLAINTIFFS' REFILING OF ITS CLAIMS UNDER THE PROVISIONS OF ERISA §502(A); 2) DEFENDANT IS MANDATED BY FEDERAL LAW TO WAIVE ITS EXHAUSTION OF ADMINISTRATIVE APPEALS DEFENSE; and 3) THERE REMAIN MATERIAL ISSUES OF FACT AS TO WHETHER PLAINTIFFS DID EXHAUST ITS ADMINISTRATIVE REMEDIES OR WHETHER IT WAS FUTILE TO DO SO WHICH PRECLUDES DISMISSAL.

**1. Defendant's Motion Must Be Denied As the Prior Court Order Dismissed Plaintiffs' Claims Without Prejudice and Expressly Granted Plaintiffs the Right to Re-File Its Claims under ERISA as It Has Done in the Present Matter.**

Horizon moves to dismiss North Jersey's federal ERISA complaint relying upon the prior order of Judge Gannon and invoking the doctrines of *res judicata*, collateral estoppel and judicial estoppel. See, Plaintiff's Brief in Support of Motion to Dismiss.

However, Horizon fails to inform the court that Judge Gannon dismissed the prior complaint "without prejudice" and expressly held that, "Dismissal shall be *without prejudice and Plaintiff may re-file pursuant to the terms of ERISA if they so choose."* (Certification of Jeffrey Randolph, Esq., Exhibit D)(emphasis added). A review of North Jersey's complaint in the present litigation clearly show that this is exactly what North Jersey has done in full compliance with the prior Court order of Judge Gannon. The only causes of action alleged against Horizon in the complaint arise under ERISA for non-payment of claims under ERISA §502(a) and for breach of fiduciary duty under ERISA §3(21)(A). No other claims are lodged against Horizon and the claims fall completely within the authority granted to North Jersey to "re-file pursuant to the terms of ERISA if they so choose." Id. The only reason that the claims were previously brought as counter-claims in the Morris County state litigation was due to the fact that Horizon had filed this litigation while the motions in the prior

6

action were pending and the entire controversy doctrine and mandatory claim joinder rules now require the claims to be brought within the present action. See, Ollendorf v Liberty Mutual, 2009 WL 3486561(NJ Super A.D.) *citing* Thornton v Potamkin Chevrolet, 94 N.J. 1 4-5 (1983).(The Entire Controversy Doctrine requires that generally all aspects of a controversy between the parties be included in a single action).

Accordingly, now that the Morris County counter-claims have been dismissed on the basis that jurisdiction and venue should be in U.S. District Court under ERISA, the plaintiff's complaint must be permitted to proceed in this forum. As all of defendant's allegations under the doctrines of *res judicata*, collateral estoppel, and judicial estoppel rise and fall upon the scope and language of Judge Gannons' prior order, which expressly permits the filing of plaintiff's ERISA claims, defendant's motion for dismissal must be denied.

### 2. Defendant's Motion to Dismiss Must Be Denied Horizon Is Mandated By Federal Law to Waive Its Exhaustion of Administrative Appeal Defense.

The Defendant's second ground for its request for dismissal is based upon North Jersey's alleged failure to exhaust the appeal processes required by the Horizon ERISA plans prior to instituting its counter-claims. Plaintiff submits that this argument must fail on the grounds that Horizon is mandated by federal law to waive the exhaustion of administrative appeals defense.

Pursuant to the federal ERISA statute, Horizon as an ERISA Plan Administrator, is required to:

> **(1)** provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

7

> **(2)** afford a reasonable opportunity to any participant whose claim for
> benefits has been denied for a full and fair review by the appropriate named
> fiduciary of the decision denying the claim.

See, 29 U.S.C. § 1133 (2008).  In further defining what constitutes a "reasonable opportunity" for

"full and fair review," the administrative regulations promulgated under ERISA as they relate to

Group Health Plans further provide, in pertinent:

> The claims procedures of a group health plan will be deemed to be reasonable only,
> in addition to complying with the requirements of paragraph (b) of this Section - - (2)
> The claims procedures does not contain any provision, and are not administered in a
> way, that requires a claimant to file more than two appeals of an adverse benefit
> determination prior to brining a civil action under section 502(a) of the Act; (3) To
> the extent that a plan offers voluntary levels of appeal (except to the extent that that
> the plan is required to do so by state law), . . . the claims procedures provide that: (i)
> *The plain waives any right to assert that a claimant has failed to exhaust
> administrative remedies because the claimant did not elect to submit a benefit
> dispute to any such voluntary level of appeal provided by the plan;"*

29 C.F.R. §2560.503-1(c.)(2)&(3) (2001)(emphasis added).  North Jersey submits that the

benefit plans at issue, as represented by the plan documents submitted in this litigation by

Horizon itself, consist of purely voluntary appeal processes as indicated by the permissive

nature of the plan language.  In addition, even if the plans' appeal provisions are deemed

mandatory, North Jersey has exhausted at least two levels of appeal as required by the

regulations.

### a. The Horizon Plans At Issue Contain Voluntary Appeal Procedures.

The plan documents submitted as evidence by Horizon in support of their motion

clearly and expressly indicate the permissive nature of the plans' claims appeal process.

8

Therefore, Horizon is required by federal ERISA regulation to waive the defense of failure to

exhaust administrative remedies.  See, 29 C.F.R. 2560.503-1(c.)(3) (2001).

The Horizon Group Health Insurance Plan submitted into evidence by Horizon in the

prior litigation, provides the following language in the plan section governing appeals:

> **Appeals Procedure**
> A Member (or a Provider acting on behalf of the Member and with the Member's consent) *may* appeal administrative and utilization management determinations. . . . No Member or Provider who files an appeal will be subject to disenrollment, discrimination, or penalty by Horizon Blue Cross Blue Shield of New Jersey.
>
> **a.  First Level Appeal**
> A Member (or a Provider acting on behalf of the Member and with the Member's consent) *can* file a First Level Appeal by calling or writing Horizon Blue Cross Blue Shield of New Jersey . . .
>
> **b.  Second Level Appeal**
> If a Member (or a Provider acting on behalf of the Member and with the Member's consent) is not satisfied with Horizon Blue Cross Blue Shield's First Level Determination, the Member or Provider *can* file a Second Level Appeal before a panel of physicians . . .
>
> **c.  External Appeal**
> A Member (or a Provider acting on behalf of the Member and with the Member's consent) who is dissatisfied with the results from Horizon Blue Cross Blue Shield of New Jersey's internal appeal process *can* pursue and External Appeal with an independent utilization review organization (IURO) . . .

(See, Certification of Jeffrey Randolph, Esq., Exhibit F: Horizon's Brief in Support of

Motion, Exhibit F, Sub-Exhibit A2, pp. 44-46)(emphasis added).  Similar permissive

language utilizing the terms "may" and "can" are in additional plan language at Exhibit F,

Sub-Exhibit A4, p. 68 ("If a Covered Person is not satisfied with a utilization review

decision, the Covered Person or the Covered Person's Practitioner *may* appeal such decision

by calling Horizon BCBSNJ.").  In addition, the NJ Plus Member Handbook submitted into

9

evidence by plaintiff also contains notice of appeal procedures which only contains permissive terms such as "may" and "can." See, Id., Exhibit F, Sub-Exhibit B, pp. 60-62 ("[Y]ou or your provider *may* appeal such decision by writing to NJPLUS. . . . you *can* file a Second Level Appeal before other health care professionals selected by NJ PLUS who were not involved in the initial determination. . . . If you are dissatisfied with the results of NJ PLUS internal appeal process, your or your legal representative *can* appeal in writing to the State Health Benefits Commission".)1(emphasis added).   Finally, the plan language at Exhibit F, Sub-Exhibit A5, provides a "Statement of ERISA Rights," which expressly states, "If his or her claim for benefit is denied in whole or in part, or ignored, he or she may file suit in a state or federal court." Id. at Exhibit F, Sub-Exhibit A5, p.111.

Thus, all of the Horizon group health plans submitted by Horizon, including State Health Benefits Commission Plans, in the various litigations contain only permissive as opposed to mandatory appeal language. All plans state the member or their provider or legal representative "may" appeal or "can" appeal through all levels of internal and external review. Nowhere in the plans is their the language that the member or their provider "must" appeal or "shall" appeal utilizing the internal review process nor is there even a scintilla of language that would place a member or their provider on notice that appeal was a condition precedent to filing a state or federal lawsuit or counter-claim in a lawsuit. On the contrary, Horizon's express plan language states under its ERISA Statement of Rights that an aggrieved member can file suit in state or federal court with no limiting language or mention of a requirement to exhaust internal appeals prior to obtaining judicial remedies.   Id. at

---

1 Although Plaintiff claims in numerous areas of its brief that Defendants "abandoned" its State Health Benefit Plan claims, Defendants at no point did any such thing nor can Plaintiff provide any documentary evidence to support this contention.  Defendants maintain the position that SHBP

10

Exhibit F, Sub-Exhibit A5, p.111.

In conclusion, it is clear that the language in the Horizon plan documents supports the finding that any appeals under the plans are not mandatory but, rather, permissive in nature. Even if the language is deemed ambiguous in this respect, any ambiguities must be resolved in favor of North Jersey and against Horizon, the drafter of the plans in question. See, Ohio Casualty Ins. Co. v. Flanagin, 44 N.J. 504, 513, 513 (1965 (*citing* Lievit v. Loyal Protective Life Ins. Co., 34 N.J. 475 (1961). Accordingly, the ERISA plans at issue clearly provide for voluntary appeals and, thus, Horizon is compelled by federal law to waive any defense of exhaustion of administrative remedies.

### b. Even if the Plan Appeal Procedures are Deemed Mandatory, North Jersey Exhausted At Least Two Levels of Internal Review.

If the Plan language is construed to require a mandatory appeal of adverse claim determinations, North Jersey submits that it has exhausted at least two levels of review as required by federal regulation. North Jersey has diligently followed the appeal procedures presented to it by Horizon on all of its unpaid or under paid claims. Thus, North Jersey has substantially complied with the internal appeals procedures required by the ERISA plans at issue precluding summary judgment in the matter.

As the sworn affidavit of Maree Casatelli, indicates, the billing department of North Jersey was directed to and did appeal the underpayments and non-payments of its bills with Horizon through multiple levels of appeal. (See, Affidavit of Maree Casatelli). Specifically, Ms. Casatelli performed a random review of Horizon patients' claims and provided

---

appeals are permissive and not mandatory based upon the permissive appeal language contained in the Plan documents.

documentary proof in the form of print outs of the billing systems task logs which show indisputably that North Jersey attempted to appeal the claim denials and underpayment through at least two levels of appeal or were prevented from doing so due to Horizon's own unresponsiveness. Id.

In conclusion, as the undisputed evidence of record reveals, North Jersey pursued at least two, if not more, levels of internal review with Horizon and, therefore, has exhausted its administrative appeals prior to the institution of its counter-claims in the matter. Thus, Horizon's motion for summary judgment must be denied.

## 3. Material Issues of Fact Remain As to Whether Further Appeals by North Jersey Were Futile.

Before bringing a civil action pursuant to ERISA §502, it is a general rule (with exceptions) that a plaintiff must first exhaust his or her remedies available under the Plan. Harrow v. Prudential Insurance Co. of America, 279 F.3d 244, 249 (3d Cir. 2002) (citing Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990) (citations omitted)). However, this requirement is excused if a plaintiff provides a "clear and positive showing" that exhaustion is futile. Harrow, 279 F.3d at 249 (quoting Brown v. Cont'l Baking Co., 891 F.Supp. 238, 241 (E.D.Pa. 1995); accord D'Amico, 297 F.3d at 293. The Third Circuit also recognizes an additional exception to exhaustion for a claim that alleges a violation of a substantive ERISA provision. Harrow, 279 F.3d at 253 (extending the Zipf, 799 F.2d at 891, exception to claims brought under ERISA § 404).

To determine whether a party is entitled to the futility exception, a court must weigh several factors, "including (1) whether party diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate review under the circumstances; (3) existence of a fixed

12

policy denying benefits; (4) failure of the company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile." Harrow, 279 F.3d at 250. If the Court determines that North Jersey had a duty to exhaust its administrative appeals prior to filing the present counter-claims, North Jersey submits that it has met all five factors of the futility defense to be entitled to relief under the aforesaid futility exclusion.

First, as is detailed in Section 2, supra, North Jersey's billing personnel took exhaustive and immediate measures to appeal, both verbally and in writing, all of its adverse claims determinations with Horizon. (See, Affidavit of Maree Casatelli). This was at great expense and loss of valuable time to North Jersey whose employees could have devoted their time to other important matters if it had just decided to abandon the appeals on its claims. It did not. Therefore, North Jersey diligently and immediately pursued its administrative relief satisfying prongs one and two of the test.

Second, as the claim spreadsheet submitted in support of North Jersey's counter-claims indicates, Horizon was engaging in a blanket policy of denying and underpaying North Jersey's claims over a period of many years to the extent that it now owes North Jersey millions of dollars in unpaid and underpaid claims. (See, Exhibit A to Affidavit of Maree Casatelli). Ms. Casatelli's affidavit further details Horizon's non-responsiveness to appeals as well as the system it has set up to deny or reduce payment on claims and provide no realistic avenue of redress. This constitutes a fixed and continuing policy to deny and underpay valid claims that supports prong three of the test.

Third, Horizon did not comply with its own plan procedures and federal regulatory requirements by failing to provide North Jersey with a full and fair review of its adverse claim determinations as discussed in Section 2(b), supra. This constitutes a violation of 29 U.S.C. § 1133 (2008) and 29 C.F.R. 2560.503-1(c.)(2)&(3). These regulations further require Horizon to provide

13

specific and detailed information of the claimant's rights to appeal adverse claims determinations.

The ERISA regulations require the Plan (Horizon) to provide to a claimant,

> . . . sufficient information relating to the voluntary level of appeal to enable the claimant to make an informed judgment about whether to submit a benefit dispute to the voluntary level of appeal, including a statement that the decision of the claimant as to whether or not to submit a benefit to the voluntary level of appeal will have no effect on the claimant's rights to any other benefits under the plan and information about the applicable rules, the claimant's right to representation, the process for selecting the decision maker, and the circumstances, if any, that may affect the impartiality of the decision maker. . . "

29 C.F.R. 2560.503-1(c.)(3)(iv)(2001). A review of Horizon's responding correspondence to North Jersey's request for appeals reveals that none of this required information was provided and was, thus, in violation of 29 C.F.R. 2560.503-1(c.)(3)(iv). In addition, 29 C.F.R. 2560.503-1(c.)(3)(iv), "requires a plan administrator to notify a claimant . . . of the plan's adverse benefit determination within a reasonable period of time, but not later than 30 days after the receipt of the claim." As the timeline of claims determinations in the affidavit of Maree Casatelli details, Horizon routinely engaged in a practice of failing to provide notice within the 30 day mandatory time frame and did not request an extension of time for same. Thus, Horizon failed to comply with its own internal administrative procedures as required by law which establishes prong four of the test.

Finally, North Jersey has established prong five of the futility test by providing evidence that Horizon took the position that further appeals would be futile. The affidavit of Maree Casatelli details communications with Horizon employees wherein they denied requests for appeal and failed to provide any information on further appeal. (See, Affidavit of Maree Casatelli). Horizon even set up its telephonic claims systems to make it virtually impossible to bypass the computerized prompts and to talk to an actual human being. Id.

14

Thus, Horizon, through the statements of its employees and actions on attempts to appeal claims, took the position that further appeals would be futile.

In conclusion, should the Court determine that North Jersey had a duty to exhaust all of Horizon's internal appeal levels, North Jersey submits that it qualifies for the futility exception and that Horizon's motion for summary judgment should be denied accordingly.

## III. CONCLUSION

In conclusion, Plaintiffs submit that Defendant's motion to dismiss its complaint must be denied for the reasons stated above.

Respectfully Submitted,

By: _____
        Jeffrey Randolph, Esq.

JBR\ab
c:\j\njcs\hz\fed\dismissalbriefopp

15