**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRUNO CASATELLI, D.P.M., and NORTH JERSEY CENTER FOR SURGERY, P.A., Plaintiffs, | |
| -against- | Docket No. 2:09-cv-06101 SDW ES |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, JOHN and JANE DOES I-X, and ABC CORPORATIONS I-X, Defendants. | CERTIFICATION OF JEFFREY RANDOLPH, ESQ. |

I, Jeffrey B. Randolph, Esq., of full age, certify the following:

1. I am an attorney and partner at the Law Office of Jeffrey Randolph, LLC, attorneys for plaintiffs in this matter. I am an adult, and am fully competent to make this certification. I am fully familiar with the facts set forth herein.

2. Annexed hereto as Exhibit A is a true and accurate copy of Horizon's Brief in Support of its Motion to Remove the Sussex County Litigation to Federal District Court.

3. Annexed hereto as Exhibit B is a true and accurate copy of the Decision remanding the Sussex County Litigation to New Jersey Superior Court.

4. Annexed hereto as Exhibit C is a true and accurate copy of Horizon's Brief in Support of Sussex County Summary Judgment Motion.

5. Annexed hereto as Exhibit D is a true and accurate copy of Judge Gannon's

Order Dismissing Superior Court Action without prejudice.

6. Annexed hereto as Exhibit E is a true and accurate copy of Judge Dumont Order in Morris County Action.

7. Annexed hereto as Exhibit F is a true and accurate copy of Horizon's Brief in Support of Motion to Dismiss in Morris County Action.

Certified to this 8 day of February, 2010

Jeffrey B. Randolph, Esq.

# EXHIBIT A

Edward S. Wardell, Esquire
KELLEY, WARDELL, CRAIG,
ANNIN & BAXTER, LLP
41 Grove Street
Haddonfield, NJ 08033
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORTH JERSEY CENTER FOR SURGERY, P.A., et als.,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., et als.,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), improperly identified in the Complaint as "Horizon Blue Cross Blue Shield of New Jersey, Inc.," by its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), (b) & (c), and 28 U.S.C. § 1446 in the Office of the Clerk of the United States District Court for the District of New Jersey, for removal of the above-captioned litigation from the Superior Court of New Jersey, Sussex County, Docket No.: SSX-L-560-07 where it is now pending to the United States District Court for the District of New Jersey.

## I. INTRODUCTION

1. This action was brought against Horizon by Plaintiff North Jersey Center for Surgery, P.A., "[i]ndividually and as subrogees" of patients who received health care benefits

provided by Horizon. Among other things, Horizon provides health care benefits for beneficiaries of small employer benefit plans governed by ERISA, and Plaintiff alleges that it is the assignee of the plan beneficiaries. Because Plaintiff seeks to recover benefits due pursuant to Section 502(a) of ERISA, this Court may exercise removal jurisdiction over the action.

## II. PARTIES

2. Plaintiff North Jersey Center for Surgery, P.A., ("NJCS") is a professional corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 39 Newton Sparta Road, Newton, NJ. Plaintiff operates a simple room surgical practice at that location. (Complaint, ¶ 1).

3. Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") is a not-for-profit health services corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 3 Penn Plaza East, Newark, New Jersey. (Id. ¶ 2)

4. Horizon, among other things, provides health coverage and benefits for subscribers in New Jersey who receive health care benefits pursuant to Small Employer Health Benefit Plans established by employers and governed by ERISA. Horizon also administers benefits for participants and beneficiaries of employee benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") and the Federal Employee Health Benefits Act, 5 U.S.C. §§ 8901-14. (Id., ¶¶ 2, 6 & Ex. "A")

## III. PROCEEDINGS TO DATE

### A. Plaintiff's Complaint

5. On August 22, 2007, Plaintiff filed a complaint styled North Jersey Center for Surgery, P.A., et als. v. Horizon Blue Cross Blue Shield of New Jersey, Inc., et als., Docket No.:

SSX-L-560-07 in the New Jersey State Court, Law Division, Sussex County. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

6. On or after August 27, 2007, Plaintiff issued a Summons. (A copy of the Summons is attached hereto as Exhibits "B.")

7. The complaint filed by Plaintiff seeks to recover benefits due pursuant to employee benefits plans governed by ERISA and is a claim for benefits within the meaning of Section 502(a) of ERISA, 29 U.S.C. § 1132(a). (Complaint, Counts One and Two).

## IV. TIMELINESS

8. On September 6, 2007, Horizon first received a copy of the Complaint.

9. Horizon timely filed this Notice of Removal within thirty (30) days of its receipt of the Summons and Complaint as required by 28 U.S.C. §1446(b).

## V. GROUNDS FOR REMOVAL

10. Plaintiff, as a purported assignee of plan beneficiaries and a third party beneficiary of the benefit plans, (Complaint, ¶¶ 13 & 19) seeks to recover benefits from Horizon under the terms of employee benefit plans governed by ERISA, and brings a claim for benefits within Section 502(a) of ERISA, 29 U.S.C. § 1132(a), over which this court has federal question jurisdiction pursuant to 28 U.S.C. § 1131. (Id., ¶¶ 16 & 19)

11. Plaintiff does not allege that it has any contract or other agreement with Horizon.

12. Among other things, the Complaint seeks to recover payments required of Small Employer Health Benefit Plans governed by ERISA and subject to N.J.A.C. 11:21-7.13. (Complaint, ¶ 15 and Exh. "A")

13. Section 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth a comprehensive civil enforcement scheme which forecloses state law claims that seek to supplement or supplant its

remedies. In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987), the Supreme Court explained:

> [T]he detailed provisions of §502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. **The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.**

481 U.S. at 54 (emphasis added), quoting Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985). For this reason, any claim that falls within the scope of Section 502(a) is completely preempted and may be removed to federal court. Pryzbowski, 245 F.3d at 271-72.

14. Plaintiff's claim for benefits, as a matter of federal law, is governed by the terms and conditions of ERISA and therefore falls within the ambit of this Court's original federal question jurisdiction. See Egelhoff v. Egelhoff, 532 U.S. 141, 147-48 (2001)(terms and conditions of payment and administration of payment are, as a matter of federal law, governed exclusively by ERISA plans.)

15. It is well-settled that the "carefully integrated civil enforcement provisions" in ERISA Section 502 were "intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)(internal quotation marks omitted). Indeed the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). The U.S. Supreme Court accordingly has instructed that any state-law claims that seek to collect benefits under the terms of ERISA plans must be recharacterized as benefits claims under Section 502(a) of ERISA, and that such claims

give rise to removal jurisdiction no matter how Plaintiff characterizes those claims. Id., at 65 (preemptive force of ERISA operates to "convert[]" ordinary state-law claims into federal claims for purposes of the well-pleaded complaint rule); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 678 (3d Cir. 2000), cert. denied, 531 U.S. 927 (2000)("[c]omplete preemption is an exception to the well-pleaded complaint rule" and "does not depend on any type of relief requested in the complaint"); Parrino v. FHP, Inc., 146 F.3d 699, 704 (9th Cir. 1998)(complete preemption doctrine empowers courts to "look beyond the face of the complaint").

16. The present lawsuit is removable from state court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331 and § 1441(a), (b) and (c).

## VI. VENUE

17. Plaintiff's action is pending in the Superior Court of New Jersey, Law Division, Sussex County, New Jersey, which is within this judicial district. *See* 28 U.S.C. § 110. This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) & 1445(a).

## VII. NOTICE

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff. (A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Sussex County, Law Division in the form attached hereto as Exhibit "C").

## VIII. SUPPLEMENTAL JURISDICTION

19. To the extent that any of Plaintiff's claims do not relate to the denial of benefits under ERISA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1441(c).

## IX. CONCLUSION

For the foregoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey, respectfully demands that this action, previously pending in the Superior Court of New Jersey, Law Division, Sussex County, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

KELLEY, WARDELL, CRAIG,
ANNIN & BAXTER, LLP

Edward S. Wardell, Esquire
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of*
*New Jersey*

Dated: October 4, 2007

# EXHIBIT B

**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORTH JERSEY CENTER FOR SURGERY, P.A., Plaintiff, v. HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., Defendant. | Hon. Harold A. Ackerman<br>Civ. Action No. 07-4812 (HAA)<br>**OPINION & ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Jeffrey B. Randolph, Esq.
LABADY & RANDOLPH, LLC
700 Kinderkamack Road, Suite 207
Oradell, New Jersey 07649
*Attorneys for Plaintiff North Jersey Center for Surgery*

Edward S. Wardell, Esq.
WARDELL, CRAIG, ANNIN & BAXTER, LLP
41 Grove Street
Haddonfield, New Jersey 08033
*Attorneys for Defendant Horizon Blue Cross Blue Shield of New Jersey*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on a motion (Doc. No. 4) by Plaintiff North Jersey Center for Surgery (NJCS) to remand this case to the Superior Court of New Jersey, Sussex County, Law Division, pursuant to 28 U.S.C. § 1447(c). Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") removed the action to this Court and now opposes remand. This Court referred the motion to Magistrate Judge Esther Salas, who entered a Report and Recommendation (R&R) August 7, 2008 (Doc. No. 6) suggesting that this Court grant Plaintiff's

motion to remand. The docket indicates that both parties received the R&R and that Horizon timely filed an objection. Accordingly, the Court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). After careful review of the record, the R&R, and Horizon's objections, the Court agrees with Magistrate Judge Salas's reasoning and conclusions and will grant Plaintiff's motion.

**I. BACKGROUND**

This case involves a dispute between healthcare and health insurance providers. NJCS operates a one-room surgery center with ambulatory services in New Jersey. Horizon is a non-profit health services corporation that provides insurance to persons receiving benefits under the New Jersey State Health Benefits Plan (NJHBP) and Small Employer Health Benefits Plan (SEHBP). Horizon acts as a conduit between doctors and patients by establishing a network wherein the healthcare providers agree to receive reduced rates for services in exchange for a steady flow of patient referrals. Additionally, Horizon reimburses "out-of-network" healthcare providers—those that do not have a contract with Horizon—for services rendered on behalf of its subscribers.

Plaintiff claims that it performed services as an "out-of-network" provider for patients insured by Horizon. In order to streamline the billing process so that it could bill Horizon directly, it appears that NJCS had its patients sign contracts assigning the surgery center "their rights under their [health insurance contracts] with Horizon." (*See* Compl. at ¶ 13.) NJCS alleges that Horizon did not honor the obligations of its insurance contracts and filed suit in state court.

NJCS's August 22, 2007 Complaint asserted six claims against Horizon: breach of contract; failure to act in good faith; tortious interference with prospective economic advantage; interference with contract; interest on overdue claims under N.J. Stat. Ann. § 17B:26-9.1; and improper basis for reimbursement rates in violation of N.J. Stat. Ann. § 17B:30-13.1(f). Horizon removed the case to this Court October 4, 2007, premising federal question jurisdiction under 28 U.S.C. § 1331 on the theory that § 502 of the Employee Retirement Income Security Act (ERISA) preempted Plaintiff's claims.

Upon referral, Magistrate Judge Salas recommended remanding the case to state court because Horizon failed to demonstrate that NJCS could have originally filed the claim in federal court under ERISA. Magistrate Judge Salas found that Horizon did not meet its burden to show the jurisdictional requirements outlined in *Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). Defendant objects that Plaintiff's admissions in its Complaint obviated the *Pascack* jurisdictional threshold, lest it would have to contradict its own defense.

## II. DISCUSSION

Section 1441 of Title 28 of the U.S. Code provides for removal of a civil action filed in state court if, *inter alia*, the plaintiff's claim confers jurisdiction upon the federal district court. At issue in this case is whether Plaintiff's claim presents a federal question under 28 U.S.C. § 1331. The Supreme Court has long held this provision to require the plaintiff to demonstrate the federal nature of the claim on the face of the complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citation omitted) (referring to the "well-pleaded complaint rule" as "the basic principle marking the boundaries of federal question jurisdiction of the federal district court");

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

As the party seeking to assert federal jurisdiction, the removing defendant bears the burden of proving the availability of federal jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Defendant cannot rely on its expected federal law defenses; *Mottley* and subsequent cases rejected the notion that anticipated federal law defenses could confer subject matter jurisdiction upon the federal courts by focusing the inquiry on the nature of plaintiff's complaint. *Mottley*, 211 U.S. at 152; *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983). Among these defenses, the Court recognized that the defense of federal preemption does not satisfy the "well-pleaded complaint rule." *Metro. Life Ins. Co.*, 481 U.S. at 63.

Here, NJCS presents no federal questions on the face of its Complaint. Its six claims all sound in state law, and Defendant does not suggest otherwise. Instead, Horizon relies upon an exception to the "well-pleaded complaint rule"—complete preemption. The doctrine of complete preemption, contrary to its name, does not refer to the foreclosure of state law claims by federal law under the Supremacy Clause of Article VI of the Constitution. Unlike the federal law defense of preemption, complete preemption is a jurisdictional principle, wherein Congress's extra-special treatment of a particular area of law implicitly transforms state law claims in that genre into a federal cause of action. *Lazorko v. Penn. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000) (citing *Metro. Life Ins.*, 481 U.S. at 63–64). Therefore, complete preemption permits removal even where no federal question appears on the face of the complaint. *Id.*

Complete preemption attaches to § 502 of ERISA, 29 U.S.C. § 1132, the civil enforcement provision of the statute. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004);

*Metro. Life Ins.*, 481 U.S. at 67. Thus, any cause of action within the scope of § 502 is treated as a federal claim and is therefore removable to federal court. *Davila*, 542 U.S. at 209. Yet the defendant still bears the burden of proving that complete preemption applies to plaintiff's claims. To do this, the Third Circuit in *Pascack* held that a defendant must prove two things: (1) that plaintiff originally could have brought the claim under § 502, and (2) "no other legal duty supports [the] claim." 388 F.3d at 400 (citing *Davila*, 542 U.S. at 210).

Standing to sue under § 502 extends to participants in or beneficiaries of ERISA plans. 29 U.S.C. § 1132(a). In line with the other circuit courts that have addressed the issue, courts in this District have also found that an assignee of a plan participant would have derivative standing to sue under § 502(a). *See, e.g.*, *Wayne Surgical Center, LLC v. Concentra Preferred Sys., Inc.*, No. 06-928, 2007 WL 2416428, at *4 (D.N.J. Aug. 20, 2007) (Ackerman, J.). The parties do not dispute that the health insurance plans at issue are governed by ERISA, nor do they dispute that NJCS is not a direct participant or beneficiary of those ERISA plans. Thus, applying the *Pascack* test and in accordance with the *Wayne Surgical* holding, the burden falls on Horizon to establish that NJCS has a valid assignment of benefits from Horizon's plan participants.

Magistrate Judge Salas correctly concluded that Horizon failed to establish that NJCS could have brought its contract claims under ERISA. In fact, Horizon expressly rejects that NJCS has a valid assignment of benefits on the basis of an anti-assignment provision in its health insurance plans. Instead, it argues that Plaintiff's assertion of an assignment in its Complaint should suffice for the *Pascack* removal inquiry because NJCS "continues to pursue its claims as the alleged assignee of ERISA plan beneficiaries." (Def. Opp. Br. at 9.) Defendant bases its argument on statements made in ¶¶ 13 and 19 of the Complaint, which appear to assert (i) a

common practice of non-network providers to have assignment agreements with their patients so that the healthcare provider can directly bill the insurance company (Compl. at ¶ 13,) (ii) that such assignments establish privity of contract between the provider and insurer (Compl. at ¶ 13,) and (iii) that NJCS is an "assignee[] and/or third-party beneficiary of the contracts of health insurance between [its] patients who are Horizon subscribers and Horizon" (Compl.at ¶ 19.) Horizon points to, and the Court is aware of, no cases holding that a plaintiff's statements in its complaint could satisfy a *defendant's* burden of establishing jurisdiction for the purposes of removal. Indeed, Defendant's position presents an unusual legal question. Defendant argues that NJCS's claim is inherently a federal claim because, taken at Plaintiff's word, the claim would be within the scope of § 502(a), and removal would be proper under the doctrine of complete preemption. In other words, Plaintiff has dressed a federal claim in state claim clothes. Yet, at the same time, taking Defendant at its word, Horizon's defense to the claim (no assignment) negates the quintessential element that makes the underlying claim a federal matter: standing to file a claim under 502(a). In essence, Horizon argues that it would be wrong for the Court to deny jurisdiction solely because of its own defense. Absent any authority directly supporting its objection, the Court is not persuaded.

Horizon's argument disregards the importance of a defendant's burden in seeking removal. Federal courts are courts of limited jurisdiction, and there is a strong presumption against removal. *E.g.*, *Entrekin v. Fisher Scientific Inc.*, 146 F. Supp. 2d 594, 604 & n.9 (D.N.J. 2001); 16 Moore's Federal Practice—Civil § 107.06. The Third Circuit has recognized that all doubts must be resolved in favor of remand. *Boyer*, 913 F.2d at 111 (citation omitted). Whereas plaintiff bears the burden of establishing jurisdiction when it files a claim in federal court,

defendant bears the burden of establishing jurisdiction when it removes a claim to federal court. *Id.* Moreover, if a defendant's federal law defense ("It's really a federal case") cannot establish jurisdiction under *Mottley* and its progeny where the plaintiff bears the burden of demonstrating jurisdiction, it would make little sense for this Court to rule that a defense defeating Plaintiff's hypothetical federal claim ("It's not really a federal case") establishes jurisdiction where defendant bears the burden for removal.

Magistrate Judge Salas wisely noted that the Court cannot determine the scope of the assignment without proof of the assignment. A court within this District denied reconsideration of remand in a similar case where the defendant's evidence supporting the assignment did not specify the scope of the assignment. *Cooper Hosp. Med. Ctr. v. Seafarers Health & Benefits Plan*, No. 05-5941, 2007 WL 2793372, at *3 (D.N.J. Sept. 25, 2007). Here, the Court has no evidence to review. All the Court has is Plaintiff's generalized assertion that it is an "assignee[] and/or third-party beneficiary of the contracts of health insurance between [its] patients who are Horizon subscribers and Horizon." (Compl. at ¶ 19.) The Court thus has no way to determine whether the purported assignment conferred only rights to reimbursement of medical services (beyond the scope of ERISA) or the full benefits of the insurance plan (within the scope of ERISA). *See Cooper*, 2007 WL 2793372, at *3. Horizon's reliance on the language in the Complaint is to no avail. Vague references to a common practice of non-network providers (Compl. at ¶ 13) and a purported assignment of benefits to NJCS (Compl. at ¶¶13, 19) fail to conclusively establish that NJCS has a complete assignment of its patients' health insurance benefits. Consequently, the absence of evidence leaves this Court with grave doubt that Plaintiff would have standing to sue under ERISA. Such doubt augers in favor of remand.

In the absence of any evidence of the assignment, Defendant cannot reconcile its removal burden of proving Plaintiff's standing under ERISA and its defense that would effectively negate Plaintiff's standing. Therefore, Horizon has not met the *Pascack* test; it has not established this Court's jurisdiction. For these reasons, and for the reasons stated by Magistrate Judge Salas, the Court will grant Plaintiff's motion and remand.

**III. CONCLUSION**

For the above reasons it is therefore hereby ORDERED that Magistrate Judge Salas's August 7, 2008 Report and Recommendation (Doc. No. 6) is ADOPTED, and Plaintiff's motion to remand (Doc. No. 4) is GRANTED. Accordingly, it is hereby ORDERED that this case is REMANDED to the Superior Court of New Jersey. The Clerk shall mark this matter CLOSED.

Newark, New Jersey
Dated: September 17, 2008

/s/ Harold A. Ackerman
U.S.D.J.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

| | |
|---|---|
| **NORTH JERSEY CENTER FOR SURGERY, P.A. et al.,** | **: Civil Action No.: 07-4812 (HAA)** |
| **Plaintiffs,** | **: REPORT AND RECOMMENDATION** |
| **v.** | |
| **HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.,** | |
| **Defendant.** | |

**SALAS, United States Magistrate Judge**

Before the Court is Plaintiff North Jersey Center for Surgery, P.A.'s ("NJCS") motion to remand (Docket Entry No. 4). Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Harold A. Ackerman, United States District Judge, has referred the motion to the Undersigned for Report and Recommendation. For the reasons set forth below, the Undersigned recommends granting NJCS's motion.

## I. BACKGROUND

This case arises out of Defendant Horizon Blue Cross Blue Shield of New Jersey, Inc.'s ("Horizon") alleged failure to fully reimburse NJCS for medical services it provided to patients insured by Horizon.[1] (Def. Opp. Br. at 1). NJCS is a professional corporation that owns and operates a single-room surgical center. (Complaint ¶ 1.) Horizon is a non-profit health services

[1]For clarity, the individuals allegedly assigned their benefits to NJCS will be referred to as the "Horizon subscribers."

corporation that provides health coverage and benefits to subscribers who receive health care benefits pursuant to the New Jersey State Health Benefits Plan ("NJSHBP") and Small Employer Health Benefit Plans ("SEHBP"). (Def. Opp. Br. at 1-2.) Horizon contracts directly with various health care providers and establishes a network of doctors that agree to be reimbursed at a reduced rate in return for a volume of patient referrals. (Complaint ¶ 10.) This network of providers are typically referred to as "participating" or "in-network" providers. (*Id.*) In addition, Horizon also reimburses providers who do not directly contract with Horizon. (*Id.* ¶ 11.) These providers are typically referred to as "non-participating" or "out-of-network" providers. (*Id.*) NJCS is an out-of-network provider of medical services. (*Id.*)

According to NJCS, it provided health care services to many Horizon subscribers. (*Id.* ¶ 16.) Each time services were provided, NJCS and the individual would enter into a contract wherein the individual would assign their rights under the contract of health insurance with Horizon to NJCS, who would in turn bill Horizon for the services and would receive reimbursement from Horizon. (*Id.* ¶¶ 13, 19.) NJCS argues that these contracts created a privity of contract between NJCS and Horizon as an assignee of the patient's contract with Horizon. (*Id.* ¶ 13). NJCS argues that Horizon did not fully reimburse NJCS for the services it provided to the Horizon subscribers. (*See generally* Complaint.)

On August 22, 2007, NJCS filed a six-count complaint[2] in New Jersey state court claiming that Horizon improperly denied NJCS full payments due under the assignments. NJCS's complaint asserts the following claims: (1) breach of contract; (2) breach of good faith

---

[2]NJCS's complaint was not correctly numbered. The complaint contains two "Count Four(s)" and did not contain a sixth count. For the purposes of clarity, the Court refers to the second count four as Count Five and the original count five as Count Six.

and fair dealing/bad faith; (3) tortious interference with prospective economic advantage; (4) interference with contract; (5) interest on overdue claims pursuant to N.J.S.A §17B:26-9.1; and (6) improperly setting reimbursement as a percentage of Medicare rates in violation of N.J.S.A. §17B:30-13.1(f). On October 4, 2007, Horizon removed this action to federal court arguing that NJCS's claims fall under the Employee Retirement Income Security Act's ("ERISA") civil enforcement provision, section 502(a), 29 U.S.C. § 1132(a), because NJCS brought this action to receive benefits as an assignee and/or third-party beneficiary of ERISA benefits plans. (Def. Opp. Br. at 4.)

## II. DISCUSSION

A civil action filed in state court may be removed to federal court if the claim is one that arises under federal law. 28 U.S.C. § 1331. "The 'well-plead complaint rule' is the basic principle marking the boundaries of federal question jurisdiction of the federal district court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-12 (1983)). It is only when the plaintiff's "well-pleaded" complaint raises issues of federal law on its face that the action properly "arises under" federal law and subjects it to federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10. The defense of federal preemption generally does not appear on the face of the complaint and therefore does not authorize removal to federal court. *Metropolitan Life Ins. Co.* 481 U.S. at 63.

The removing party must show that federal subject matter jurisdiction exists and that removal is proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). Removal statutes are strictly construed against removal, and all doubts should be resolved in favor of

remand. *Entrekin v. Fisher Schientific Inc.*, 146 F.Supp.2d 594, 604 (D.N.J. 2001).

Here, NJCS's complaint does not on its face present a federal question. NJCS pleads only state common law and statutory claims that do not reference federal laws or issues. Therefore, under the "well-pleaded" complaint rule, NJCS's complaint does not confer federal jurisdiction. However, Horizon argues that although NJCS does not specifically plead issues of federal law, NJCS's claims fall under ERISA's civil enforcement mechanism which completely preempts the claims and creates federal jurisdiction.

An exception to the "well-pleaded complaint" rule is the doctrine of complete preemption. *Lazorko et al. v. Pennsylvania Hospital et al.*, 237 F.3d 242, 248 (3d Cir. 2000). Complete preemption[3] states that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63-64. The complete preemption doctrine therefore transforms a state law cause of action into a federal cause of action that can be properly brought in federal court. *King v. Marriott International, Inc. et al.*, 337 F.3d 421, 425 (4th Cir. 2003) (citing *Metropolitan Life*, 481 U.S. at 63-64). Complete preemption creates removal jurisdiction even

---

[3] It should be noted that the doctrine of complete preemption differs from express preemption (also known as substantive preemption). Express preemption, § 514, 29 U.S.C. § 1144, states that "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." This provision displaces any state law claims that are related to ERISA plans, but it does not confer federal jurisdiction. *Lazorko*, 237 F.3d at 248. Express preemption merely governs the law that will apply to the state law claims and is generally only raised as a defense. *Id.* Complete preemption, on the other hand, is a jurisdictional vehicle that creates a basis for removal to federal court anytime the claim falls within the ambit of § 502. *Id.*

though on the face of the complaint no federal question appears. *Lazorko*, 237 F.3d at 248.

ERISA's civil enforcement provision falls within the doctrine of complete preemption. *Metropolitan Life*, 481 U.S. at 62; *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001). As the Supreme Court stated in *Aetna Health Inc. v. Davila*, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life*, 481 U.S. at 65-66). Claims falling under § 502(a) are in reality based on federal law. *Id.* at 208. Therefore, any cause of action that comes within the scope of § 502(a) is removable to federal court. *Id.* at 209.

For a claim to be completely preempted under § 502(a) and subject to removal, the Third Circuit requires two elements: (1) the plaintiff could have brought the claim under § 502(a); and (2) "no other legal duty supports [the] claim." *Pascack Valley Hospital, Inc. v. Local 464A UCFW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). Both requirements must be met in order for the claim to be completely preempted. *Engle v. Milton Hershey School*, No. 06-0109, 2007 WL 1365916, at * 4 (M.D.Pa. Jan. 19, 2007).

The Court will now turn to the first prong of the *Pascack Valley* test.

**A. Could NJCS Have Brought its Claim Under Section 502(a)?**

Horizon argues that NJCS's claims fall under § 502(a) and are subject to removal because the remedies NJCS seeks (benefits owed under the plans) are exclusive remedies due under

ERISA.[4] Under § 502(a), only a participant or beneficiary may bring a suit to recover benefits due to them under an ERISA plan. 29 U.S.C. § 1132(a). It is clear, and not disputed, that NJCS is not participant or beneficiary of an ERISA plan and therefore, on its own, does not have standing to bring suit. *Pascack Valley Hospital*, 388 F.3d at 400. However, Horizon argues that as an assignee of a plan participant (the Horizon subscribers), NJCS would have derivative standing to sue under § 502(a).

The Third Circuit has not definitely ruled on the issue of derivative standing. *Id.* at 401. In *Pascack Valley Hospital*, the issue facing the Third Circuit was whether the plaintiff (a hospital) could sue the defendant (the ERISA benefits plan) for failing to reimburse the plaintiff for services the plaintiff provided to two subscribers under the ERISA plan. *Id.* at 396-398. The court ultimately declined to address the larger issue of whether the Hospital would have derivative standing to bring the suit because the court found that the Hospital could not have standing because no assignment had occurred. *Id.* at 400. However, the court did acknowledge that almost every circuit that has addressed the issue has ruled that a health care provider can assert a claim under § 502(a) when a beneficiary or participant has assigned to the provider the individual's benefits under the plan. *Id.* at 401; *see also Tango Transport v. Healthcare Fin. Servs.*, 322 F.3d 888 (5th Cir. 2003). Since *Pascack Valley Hospital*, district courts have interpreted it as an indirect affirmation of derivative standing for health care providers. *See, e.g.*,

---

[4]Both the NJSHBP and SEHBP are employee benefit plans that are maintained by the employers and are governed by ERISA. See 29 U.S.C. § 1002 (1) & (5), 29 U.S.C. § 1002(16)(B) and N.J.S.A. 17B:27A-17 for details on ERISA plans. See also Exhibit A to Horizon's Motion to Dismiss (Docket Entry No. 2) (plan document that provides the sub with a "Statement of ERISA Rights" and identifies the employer as the "plan sponsor" ERISA).

*Wayne Surgical Center, LLC v. Concentra Preferred Systems, Inc.*, No. 06-928, 2007 WL 2416428 (D.N.J. Aug. 20, 2007) (finding that a healthcare provider has standing to sue under ERISA as a valid assignee).

As the party asserting federal jurisdiction, Horizon has the burden of proving that NJCS's claims are ERISA claims, and in this case, that requires Horizon to prove the existence of a valid assignment. *Pascack Valley Hospital*, 388 F.3d at 401. In the absence of proof of an express valid assignment, NJCS would not have standing to bring the claims and therefore this matter would be remanded. *Id.*; *Community Medical Center v. Local 464A UFCW Welfare Reimbursement Plan*, 143 Fed.Appx 433, 436 (3d Cir.2005) (finding that "failure to establish that an appropriate assignment exists is fatal to standing"); *Hobbs v. Blue Cross Blue Shield of Alabamba*, 276 F.3d 1236, 1242 (11th Cir. 2001) (stating, "[w]ithout proof of an assignment, the derivative standing doctrine does not apply"); *Board of Trustees v. Doctors Medical Center of Modesto, Inc. et al.*, No. 07-1740, 2007 WL 2385097, at * 5 (N.D.Cal. Aug. 17, 2007) (same).

Neither party has provided proof that any of the individuals to whom NJCS provided care did in fact assign their Horizon health plan rights to NJCS. To sustain federal jurisdiction based on derivative standing, Horizon would have to provide evidence of a valid executed assignment by a plan participant. *Community Medical Center*, 143 Fed.Appx. at 435. Without proof of the assignment the Court is unable to determine the scope of assignment and hence determine whether there is federal jurisdiction. *Id*; *see also Tenet Healthsystems Hospitals, Inc. v. Coventry Health Care of Louisiana, Inc.*, No. 07-5270, 2008 WL 160941, at * 4 n.2 (E.D.La. Jan. 15, 2008). The scope of the assignment is essential to establishing derivative standing as courts have made distinctions between assignments that only give the provider the right to reimbursement for

medical services–which are not ERISA claims–and assignments that give the provider a full assignment of benefits, which are ERISA claims. *Cooper Hospital Medical Center v. Seafarers Health and Benefits Plan*, No. 05-5941, 2007 WL 2793372, at * 3 (D.N.J. Sept. 25, 2007) (finding that assignment only allowed the hospital to receive payments from the defendant and to pursue the available appeals processes and not to pursue litigation based on the refusal to pay charges and therefore did not constitute a full assignment of benefits); *Touro Infirmary v. American Maritime Officer*, No. 07-1441, 2007 WL 4181506, at * 3-6 (E.D.La. Nov. 21, 2007) (finding that the assignment was only an assignment of right to receive payment, not a full assignment of benefits, and therefore plaintiff did not have standing to sue).

Here, the Court is unable to determine the scope of the purported assignments to decide whether the plan participants assigned their full benefits to NJCS or only their right for reimbursement. Horizon has not provided any documentation that establishes what type of assignment was made by the Horizon subscribers to NJCS. In fact, the only description of the assignment is in NJCS's complaint which states that the "patients assign their rights under their contracts of health insurance with Horizon" to NJCS. (Complaint ¶ 13). This vague language does not indicate to the Court with any clarity the type of assignment that was purportedly made. Without a full understanding of the scope of the assignments, this Court is not in a position to find federal jurisdiction of this matter. *Community Medical Center*, 143 Fed.Appx. at 436.

Because Horizon bears the burden of establishing federal jurisdiction, Horizon must provide the Court with sufficient proof that the Horizon subscribers executed valid assignments. In that regard, the Court finds that Horizon has failed to satisfy its burden. *Id.* (as the Third Circuit has recognized, "failure to establish that an appropriate assignment exists is fatal to

standing").[5] Accordingly, this Court finds that Horizon has not successfully argued the first prong of the *Pascack Valley* test and declines to address the second prong.

## III. CONCLUSION

For the reasons set forth above, the Undersigned recommends that the District Court **GRANT** Plaintiff's motion to remand. Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**

[5]Assuming *arguendo* that Horizon could provide proof of executed assignments that fall within ERISA's civil enforcement provision, NJCS may nevertheless still not have standing as the plan participants' contracts with Horizon may contain an anti-assignment provision. Courts in this district have held that an anti-assignment provision will preclude a healthcare provider from having standing. *Briglia v. Horizon Healthcare Services, Inc.*, 2005 WL 1140687, at *10 (D.N.J. May 13, 2005) (dismissing claims because plan disallowed assignment of benefits); *Temple University Hospital, Inc. v. Group Health, Inc.*, No. 05-102, 2006 WL 1997424, at * 10 (E.D.Pa. July 13, 2006) (same); *Lehigh Valley Hospital v. UAW Local 259 Social Security Department*, No. 98-4116, 1999 WL 600539, at * 3 (E.D.Pa. Aug. 10, 1999) (same). If the healthcare plans between the participants and Horizon contain anti-assignment clauses then NJCS would not have standing. Horizon has not provided, in connection with this motion, the plan contracts which would show whether the Horizon subscribers could or could not assign their rights under the plans. Therefore this Court does not render an opinion on the issue.

# EXHIBIT C

Edward S. Wardell, Esquire
WARDELL, CRAIG, ANNIN & BAXTER, LLP
41 Grove Street
Haddonfield, NJ 08033
(856)795-2220
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield*
*of New Jersey*

| | |
|---|---|
| NORTH JERSEY CENTER FOR SURGERY, P.A., et als.,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., et als.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>SUSSEX COUNTY/LAW DIVISION<br><br>DOCKET NO.: SSX-L-560-07<br><br>Civil Action<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT** |

Defendant Horizon Blue Cross Blue Shield of New Jersey respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint filed by Plaintiff North Jersey Center for Surgery, P.A.

## I. INTRODUCTION

Plaintiff North Jersey Center for Surgery, P.A., ("NJCS") brought this action against Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") to recover increased reimbursements for facility fees charged to Horizon subscribers covered by either Small Employer Health Benefit Plans governed by ERISA or the New Jersey State Health Benefits Plan. By this Motion, Horizon seeks to dismiss the Complaint for failure to state a claim under Rule 4:6-2 for four reasons:

1. Each of the Plaintiff's claims for benefits under benefit plans fails as a

matter of law because, among other reasons, NJCS has failed to allege sufficient facts to show that it holds a valid assignment of benefits and has standing to sue;

2. Sections 502(a) and 514(a) of ERISA completely and expressly preempt Plaintiff's state law claims because they seek to obtain benefits due under ERISA and are based directly on the administration of benefits under the benefit plans;

3. Plaintiff failed to exhaust the mandatory grievance procedures of the Small Employer Health Benefit Plans at issue; and

4. Plaintiff has failed to name the proper party defendant or to exhaust its administrative remedies under the State Health Benefits Plan.

Plaintiff's complaint also refers to an administrative order entered by the New Jersey Department of Banking and Insurance ("DOBI") against another insurer, Aetna, in an unrelated matter. Because the DOBI Order has nothing to do with Horizon or any claim in this case, it does not provide any basis for a claim against Horizon.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The allegations of the Complaint, construed most favorably to Plaintiff, reveal the following undisputed facts.

### A. The Parties

Plaintiff NJCS is a New Jersey corporation with its principal place of business in Newton, New Jersey. (Complaint, ¶ 1) NJCS is an "out-of-network" provider that operates a single room s urgical center at which outpatient s urgeries are performed. Although the allegations of the Complaint are far from clear, NJSC claims that it provided services to individuals who received health care benefits under the New Jersey State Health Benefits Plan (id., ¶¶ 14 & 15) and Small Employer Health Benefit Plans subject to N.J.A.C. 11:21-7.13. (Id.,

¶ 15 & Ex. "A")

Defendant Horizon is a non-profit health services corporation organized under the New Jersey Health Services Corporation Act, N.J.S.A. 17:48E-1 et seq., with its principal place of business at 3 Penn Plaza East, Newark, New Jersey. (Id., ¶2) See generally, Somerset Orthopedic Assoc., P.A. v. Horizon Blue Cross Blue Shield of New Jersey, 345 N.J. Super. 410, 413-15 (App. Div. 2001). Among other things, Horizon provides health coverage and benefits for subscribers in New Jersey who receive health care benefits pursuant to the New Jersey State Health Benefits Plan and Small Employer Health Benefit Plans. (Complaint, ¶¶ 3, 8 & 15).

**B. The Horizon Network of "Participating" Providers**

Horizon provides health care benefits to its subscribers through a network of "participating" medical providers who have contracted with Horizon to provide services to subscribers in return for a set fee paid directly to the provider. (Complaint, ¶ 10) Under the Health Services Corporations Act, "[a] participating provider of health care services is one who agrees in writing to render health care services to or for persons covered by a contract or contracts issued by a health service corporation in return for which the health service corporation agrees to make payment directly to the participating provider." N.J.S.A. 17:48E-10b. The contracts between Horizon and participating providers require the providers to accept agreed-upon payments for specified services as payment in full, which relieves the subscriber of any further financial obligation to the provider. (Complaint, ¶ 10)

Providers who have not entered into contracts with Horizon are referred to as "non-participating" or "out-of-network" providers. Non-participating providers have no contract with or right to receive reimbursement directly from Horizon. (Complaint, ¶¶ 14 & 15) See Somerset Orthopedic, 345 N.J. Super. at 414 & 421. The subscriber shares or pays a portion

of the approved charge for services rendered by non-participating providers. (Complaint, ¶ 14) Small Employer Health Benefit Plans, for example, may require the patient to pay co-insurance in amounts from 10% to 50% of the reimbursement. N.J.A.C. 11:21-3.1.

### C. The Benefit Plans at Issue

NJCS alleges that it is the "assignee[ ] and/or third party beneficiar[y] of the contracts of health insurance between [its] patients . . . and Horizon[ ]." (Complaint, ¶ 19) Although the allegations of the Complaint are far from clear, NJCS identifies two possible benefit plans pursuant to which it seeks reimbursement. First, Plaintiff alleges that Horizon breached the regulations which govern reimbursement paid to members of Small Employer Health Benefit Plans. (Id., ¶¶ 16 & 17) NJCS alleges that Horizon did not pay amounts required under the State Health Benefits Plan. (Id., ¶¶ 6 & 16)

#### 1. The Small Employer Health Benefit Plans

The content of small employer reform contracts are approved by the Small Employer Health Board, and codified in the New Jersey Administrative Code at section 11:21 and at appendices A, F, G, Y & HH. These group plans, like other plans provided by Horizon, contain anti-assignment provisions which allow Horizon to refuse to honor any assignment of benefits made by the subscriber to a non-participating provider. See Somerset Orthopedic, 345 N.J. Super. at 414. (A sample plan is attached hereto as Exhibit "A.") These anti-assignment provisions provide "an important inducement" to providers to join Horizon's provider network and obtain the advantages of participation, including the right to direct payment. 345 N.J. Super. at 418-19. At the same time, these clauses benefit subscribers by encouraging providers to participate in cost saving programs, accept set fees for services, and reduce health care costs. Somerset Orthopedic Assoc., P.A. v. Horizon Blue Cross Blue Shield of New Jersey, 345 N.J.

Super. at 418.

The Small Employer Health Benefit Plans also contain specific procedures for participant complaints about the operation of the plan and for appeals from adverse benefit determinations. (Ex. "A," at 33-35) In accordance with the Independent Health Care Appeals Program and regulations issued by DOBI, the Small Employer Health Benefit Plans require a participant to exhaust a mandatory, two-step internal appeal process before filing a petition for external review or any other litigation or administrative proceeding or litigation. A "First Level Appeal" provides for review by the physician who made the initial determination or a medical director designated by Horizon. (Ex. "A," at 33) A "Second Level Appeal" requires a hearing before a panel of physicians not involved in the initial determination. (Id.)

A participant dissatisfied with the decision of the appeal panel may pursue an appeal to an Independent Utilization Review Organization ("IURO") in accordance with the procedures established by the DOBI after he or she exhausts the internal appeal process. (Id.) In accordance with the regulations issued by DOBI, the benefit plan clearly state that "[t]he Covered Person's right to such an appeal is contingent upon the Covered Person's full compliance with both stages of Horizon BCBSNJ's internal appeal process." (Id., at 34)

**2. The New Jersey State Health Benefits Plan**

The New Jersey State Health Benefits Program Act, N.J.S.A. 52:14-17.25 to 45, created a state-funded program to provide health care benefits to eligible public employees at a reasonable cost. See generally In re Lymecare, Inc., 301 B.R. 662, 673-74 (Bkrtcy, D.N.J. 2003); Murray v. State Health Benefits Commission, 337 N.J. Super. 435, 439 (app. Div. 2001). Under the Act, the State Health Benefits Commission contracts with various insurers, including Horizon, to administer the plan. (A copy of relevant portions of the Current NJPlus Plan is

attached hereto as Exhibit "B.") The State of New Jersey is self-funded. (Ex. "B" at 1) While the plan administrator, Horizon, performs the initial review and payment of claims, the State Health Benefits Commission retains final authority over claims determinations, and is financially responsible for benefits paid. (Ex. "B," at 1, 60-63) See Murray, 337 N.J. Super. at 439.

The State Health Benefits Plan, like the Small Employer Health Benefit Plans, contains a mandatory grievance procedure which provides for appellate review of the Commission's benefit determinations. See In re LymeCare, Inc., 301 B.R., at 574; Burley v. Prudential Ins. Co. of America, 251 N.J. Super. 493, 498 (App. Div. 1991). Pursuant to regulations adopted by the Commission, a member must first exhaust the grievance process contained in his or her plan. (Ex. "B," at 60-62;) See N.J.A.C. 7:9-1.3. Any member who disagrees with that determination, may seek an appeal to the full State Health Benefits Commission and, ultimately, to the Appellate Division of the Superior Court of New Jersey. The Act does not provide for an action before any trial court. (Ex. "B" at 61-63) N.J.A.C. 7:9-1.3; see In re Lymecare, Inc., 301 B.R. at 674; Murray, 337 N.J. Super. at 439.

### D. Plaintiff's Complaint for Health Care Benefits

On August 22, 2007, NJCS filed its Complaint against Horizon to recover benefits allegedly payable under health benefit plans insured or administered by Horizon. NJCS alleges that it is an assignee or third party beneficiary of health insurance agreements between Horizon and its subscribers. (Complaint, ¶ 19) The Complaint identifies two such plans pursuant to which Horizon provides health care benefits. NJCS alleges that Horizon "underwrites and/or administers . . . the State Health Benefits Program ("SHBP") through the NJPlus Program." (Id., ¶ 6) In addition, NJCS relies on a state statute, N.J.S.A. 17B:27A-33, and regulation,

N.J.A.C. 11:21-7.13, which prescribe the manner in which insurers reimburse members of Small Employer Health Benefit Plans for services rendered by non-participating providers. (Id., ¶¶ 16 & 17)

The Complaint contains six counts,[1] each of which seeks to recover reimbursement of health insurance claims which Horizon either denied or reduced payment. (Id., ¶¶ 16 & 17) Count One of the Complaint alleges that Horizon breached the terms of its health insurance agreements with its subscribers by denying or reducing payments on claims submitted by NJCS. (Id., ¶¶ 19 & 21) Count Two alleges that Horizon's denial of benefits violated the covenant of good faith and fair dealing under New Jersey law. (Id., ¶¶ 27 & 28) In addition, the second of two counts encaptioned "Count Four" of the Complaint seeks interest on these claims. (Id., ¶ 45)

Count Three and (the first) "Count Four" of the Complaint seek to recover the same reimbursement of health insurance claims under a different theory than the first two counts of the Complaint. Count Three of the Complaint alleges that Horizon's denial of claims tortiously interfered with the economic relationship between NJCS and its patients. (Id., ¶¶ 32 & 33) Similarly, (the first) "Count Four" alleges that Horizon's denial of claims interfered with the contracts between NJCS and its patients. (Id., ¶¶ 38 & 39)

Count Five of the Complaint alleges that Horizon based reimbursement of a claim paid for services rendered to a member of the NJPlus State Health Benefits Program on "appropriate Medicare Groupers." (Id., ¶ 47 & Exhibit "B") According to NJCS, the reimbursement paid for these services by the State of New Jersey under the "SHBP" violates the terms of an Order

[1]The Complaint contains two "Count Four(s)." The paragraph numbers also omit certain numbers and are not sequential.

entered by the Department of Banking and Insurance against a private insurer, Aetna. (Id., ¶ 48) The Order entered against Aetna, however, is apparently based on regulations that require health maintenance organizations (HMOs) to indemnify certain claims for HMO members; it has nothing to do with Horizon or the SHBP. (Complaint, Exhibit "C")

## III. ARGUMENT

Pursuant to Rule 4:6-2(e), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. In deciding a motion under Rule 4:6-2(e), a court must accept the allegations of the complaint as true. The court, however, need not accept "naked allegation[s]" unsupported by factual averments. Wang v. Allstate Ins. Co., 125 N.J. 2, 16 (1991). A court must dismiss the complaint when the plaintiff has failed to articulate a legal basis for relief. Camden County Energy Recovery Assocs. L.P. v. New Jersey DEP, 320 N.J. Super. 5p, 64 (App. Div. 1999), aff'd, 170 N.J. 246 (2001).

When, as in this case, the moving party submits matters outside the pleading, the court may offer the parties an opportunity to present pertinent materials and treat the motion to dismiss as one for summary judgment under Rule 4:46. Wang, 125 N.J. at 14-15. Pursuant to Rule 4:46, a motion for summary judgment should be granted upon all or any part of a plaintiff's claim when "the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." See Brill v. Guardian Life Insurance Co., 142 N.J. 520 (1995).

### A. Plaintiff's Claim for the Failure to Pay Benefits under Small Employer Health Benefit Plans Must Be Dismissed Because NJCS Lacks Standing.

To have standing to bring an action against Horizon under both state and federal law,

NJCS must set forth facts which show that it holds a valid assignment of the right to bring suit against Horizon. Because NJCS is a "non-participating" provider which has no contract with Horizon, it must show that it holds a valid assignment of benefits to have standing to sue Horizon. See Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 401-02 (3d Cir. 2004); Community Medical Center v. Local 464A UFCW Welfare Reimbursement Plan, 2005 WL 1799354, at *2 (3d Cir. July 29, 2005)("Even assuming [the provider] can obtain standing under ERISA by an assignment of claimants' benefits, its failure to establish that an appropriate assignment exists is fatal to its standing.") (Unpublished Opinion); Somerset Orthopedic Assoc., 345 N.J. Super. at 415. As a non-participating provider, NJCS is not a party to any contract with Horizon and lacks standing to bring suit. See Parkway Ins. Co. v. New Jersey Neck & Back, 330 N.J. Super. 172, 186-87 (Law Div. 1998) These same considerations foreclose any claim that NJCS is a third party beneficiary of the benefit plans. Id.

NJCS has failed to allege any facts that show it holds a valid assignment of benefits which grants it the right to bring an action against Horizon to recover benefits under any benefit plan. See Community Medical Center, 2005 WL 1799354, at *2. Even if NJCS properly alleged that it held an assignment of benefits, it would nevertheless lack standing because Horizon's subscriber contracts contain anti-assignment provisions which prohibit the assignment of benefits to non-participating providers. These anti-assignment clauses are enforceable against both subscribers and non-participating physicians, and foreclose Plaintiff's claims against Horizon. In Somerset Orthopedic Associates v. Horizon Blue Cross Blue Shield of New Jersey, 345 N.J. Super. 410, 423 (App. Div. 2001), the Appellate Division held that the anti-assignment clauses contained in Horizon benefit plans are valid and enforceable. Any

assignment of benefits taken by a non-participating physician as a means of claiming direct payment from Horizon is void. Id. at 422-23. For this reason, a non-participating provider lacks standing to pursue any claim for non-payment against Horizon and its complaint must be dismissed. Id., at 423.

The Court in Somerset Orthopedic affirmed the dismissal of a provider's complaint against Horizon, finding that all Horizon plans prohibit assignment. The Court explained that "the anti-assignment clause is a critical tool to Horizon's efficient and effective function . . . ." Id., at 422. For this reason, "the assignment of benefits to non-participating physicians such as plaintiffs . . . is violative of strong public policy embodied in Horizon's enabling legislation." Id., at 423. Any such assignment without Horizon's consent is "void as contrary to public policy," and any complaint based upon an alleged assignment must be dismissed. Id.

More recently, the United States District Court for the District of New Jersey dismissed a non-participating provider's ERISA claim for reimbursement from Horizon because the non-participating provider lacked standing under the subscriber's benefit plan. Briglia v. Horizon Healthcare Services, Inc., 2005 WL 1140687 (D.N.J., May 13, 2005). In Briglia, the non-participating provider held an assignment from the subscriber and alleged that Horizon wrongfully refused to pay him for treatment rendered. 2005 WL 1140687, at *1 & *2. Relying on Somerset Orthopedic as well as a plethora of federal decisions under ERISA, Judge Wolfson enforced the anti-assignment provision of the subscriber's benefit plan. Id., at *4 - *5. Because the provider had no valid assignment or contract with Horizon, the Court dismissed his ERISA complaint against Horizon for the payment of benefits under the Horizon benefit plan. Id., at *5.

### B. ERISA Completely and Expressly Preempts Plaintiff's State Law Claims

ERISA contains two statutory provisions which preempt state law causes of action. The first of ERISA's two preemption provisions, Section 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth a comprehensive civil enforcement scheme which forecloses state law claims that seek to supplement or supplant its remedies. In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987), the Supreme Court explained:

> [T]he detailed provisions of §502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. **The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.**

Id., at 54 (emphasis added), quoting Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985); see Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). For this reason, any claim that falls within the scope of Section 502(a) is completely preempted. Pryzbowski v. U.S. Healthcare, 245 F.3d 266, 271-72 (3d Cir. 2001).

In order to maintain the integrity of its exclusive regulatory scheme, ERISA also contains an express preemption clause. Section 514(a) of ERISA, 29 U.S.C. § 1144(a), preempts "any and all state laws" that "relate to any employee benefit plan." Although not without limits, the Supreme Court has repeatedly found that the express preemption provisions of Section 514(a) of ERISA "are deliberately expansive." Pilot Life, 481 U.S. at 46. "[ERISA's] pre-emption clause is conspicuous for its breadth. It establishes as an area of federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990).

**a. Section 502(a)of ERISA Completely Preempts Plaintiffs' State Law Claims**

Section 502(a) of ERISA completely preempts Plaintiff's state law claims against Horizon because they improperly seek to duplicate and supplement the exclusive remedies available under ERISA. Under Section 502(a), "any state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Aetna Health Inc. v. Davila, 542 U.S. at 209. For this reason, any claim that "challenges the administration of or eligibility for benefits" is completely preempted and must be dismissed. Pryzbowski v. U.S. Healthcare Inc., 245 F.3d 266, 273 (3d Cir. 2001)

In this case, Plaintiff's state law claims for breach of contract, breach of the covenant of good faith and interest on claims are based on its allegations that Horizon improperly denied or reduced benefits for services rendered to plan beneficiaries by NJCS. (Complaint, ¶¶ 21, 26 & 45) Because these state law claims seek to recover benefits allegedly due under the Small Employer Health Benefits Plans governed by ERISA, they are completely preempted. Davila, 542 U.S. at 209.

For similar reasons, Section 502(a) completely preempts Plaintiff's state law claims for "tortious interference." Each of these claims is based on precisely the same allegation as Plaintiff's claim for benefits under the terms of the benefit plans. (Compare, ¶¶ 31 & 39 with ¶¶ 21 &26 of the Complaint) Because NJCS's claims are based on Plaintiff's claim that Horizon improperly denied or reduced the amount of benefits paid under the plan (id., ¶¶ 31 & 39) and seek "immediate reimbursement of claims" (id., Demand Clause, Counts Three & Four), they are completely preempted. Pryzbowski, 245 F.3d at 273.

**b. Section 514(a) of ERISA Expressly Preempts Plaintiff's State Law Claims**

Section 514(a) of ERISA, 29 U.S.C. § 1144(a), expressly preempts any state law that relates to an employee benefit plan. One primary purpose of this provision is to eliminate the risk of conflicting and inconsistent state regulation of employee benefit plans. Metz v. United Counties Bancorp., 61 F. Supp. 2d 364, 381 (D.N.J. 1999) For this reason, Section 514(a) expressly preempts state law claims for tortious interference and other torts based on state law. Id. "State laws of tortious interference with contract are preempted by ERISA when the claim involves the proper administration of a plan." Garren v. John Hancock Mutual Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997). Because Plaintiff's claims are based on the denial or determination of benefits under the plan, they once again involve the administration of benefits and relate to the plans. Indeed, Plaintiff's claims for tortious interference pose the precise risk of inconsistent state regulation that Section 514(a) is designed to prevent. If claims like those pleaded by Plaintiff are allowed to stand, a provider could bring a state court action for damages any time a benefit plan denied coverage or reduced benefits because the services were not otherwise covered under the terms of a plan.

**C. Plaintiff's Complaint Must Be Dismissed Because They Failed to Exhaust the Mandatory Grievance Procedures Contained in Their Benefit Plans**

It is well settled that a participant in an employee benefit plan must exhaust the grievance procedures available under the plan before bringing an action to recover benefits under Section 502(a). A plan beneficiary claiming an improper denial of benefits must "exhaust the internal administrative procedures made available by the ERISA plan at issue before seeking judicial relief." Majka v. Prudential Ins. Co., 171 F. Supp.2d 410, 414 (D.N.J. 2001). "Except

in limited circumstances, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." Harrow v. Prudential Ins. Co., 76 F.Supp. 2d 558, 561 (D.N.J. 1999), aff'd 279 F.3d 244 (3d Cor. 2002) (dismissing complaint against plan administrator for wrongful denial of benefits under Section 502(a)).

In this case, the health benefit plans contain a mandatory, appeal process for internal and external review of the denial of benefits under the plans. (Ex. "A," at 35-36; Ex. "B," at 30) The internal procedures "are mandatory and must be exhausted" prior to filing an appeal to the IURO or "the establishing of any litigation." (Id.) Because Plaintiffs failed to exhaust these mandatory procedures, the Complaint must be dismissed. Harrow, 76 F.Supp. 2d at 561.

### D. Plaintiff's Claims under the State Health Benefit Plan must Be Dismissed Because Plaintiff Failed to Name the Proper Party or Exhaust the Plain's Grievance Procedures

As set forth earlier, the State Health Benefits Commission establishes the terms and conditions of coverage for SHBP participants, renders all final claims determinations for SHBP participants, and funds all claims for benefits out of state funds. (See page 5, supra) Because Horizon merely acts as the claims administrator for the SHBP, the proper party defendant is the State Health Benefits Commission. Horizon simply does not have final authority to render claims decisions does not insure claims and is not responsible for the funding of benefits.

Plaintiffs claims for benefits under the State Health Benefits Plan also must be dismissed because it did not exhaust its administrative remedies. The State health Benefits Plan contains a mandatory internal and external appeal process. (Ex. "B", at 61-63) N.J.A.C. 17:9-13 provides that a member "who disagrees with a determination made by NJPlus" or "who feels that NJPlus . . . has violated the terms and conditions of its contract may request that the matter be considered by the State Health Benefits commission." Id. A member is required to seek

recourse by administrative appeal to the SHBC before judicial action is sanctioned. Burley, 251 N.J. Super., at 498; Murray, 337 N.J. Super. at 438. Moreover, the SHBC retains final authority and financial responsibility for the conduct of the SHBP, establishes the limitation and exclusions under the Plan. Plaintiff's claims, if any, may be more effectively presented, comprehended, and assessed by the SHBC and not by the trial court. In re Lyme Care, 301 B.R., at 677-678.

### E. The Fifth Count of the Complaint Fails to State a Claim Against Horizon or the State Health Benefits Commission

Count Five of the Complaint alleges that on June 14, 2007, Horizon advised Plaintiff that its claim for additional payments under the NJPlus State Health Benefits Program had been processed and paid correctly. (Complaint, ¶ 47 & Exhibit "B") This notice specifically advised Plaintiff that "payment was derived according to the Medicare Grouper against the appropriate group for the procedure code billed." (Id., Exhibit "B") According to NJCS, the reimbursement paid by the State Health Benefit Commissions for these services violates the terms of a DOBI Order which reprimanded a private insurer, Aetna, for the manner in which it reimbursed claims submitted by out-of-network providers for members of certain HMOs. (Id., ¶¶ 48, 49 & Exhibit "C")

Count Five of the Complaint fails to articulate any basis for a claim against Horizon or the State Health Benefits Commission. The Order entered against Aetna, based on regulations which govern HMOs in New Jersey, has nothing to do with Horizon or the manner in which benefits are paid under the State Health Benefits Plan. To the contrary, the State Health Benefits Program Act grants the State Health Benefits Commission, not DOBI, the authority to set, determine and pay benefits to public employees. N.J.S.A. 52:14-17.27; see In re

Lymecare, Inc., 307 B.R. at 673-674; Murray v. State Health Benefits Commission, 337 N.J. Super. at 439. The DOBI Order referred to by Plaintiff in Count Five of the Complaint simply has nothing to do with claims paid under the State Health Benefit Plan or any other claim in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey respectfully requests that this Court dismiss the Complaint filed by Plaintiff North Jersey Center for Surgery, with prejudice.

WARDELL, CRAIG,
ANNIN & BAXTER, LLP

Edward S. Wardell, Esquire
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*

Dated: September 30, 2008